THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR MALAVÉ, Defendant and Appellant.

No. 10799. Argued March 6, 1945.—Decided March 13, 1945.

630

*Luis M. Pagán* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment convicting the defendant of aggravated assault and battery. The record does not contain a transcript of the testimony, but the defendant raises two questions of law.

The defendant first contends that the complaint does not allege the aggravation required by the Act of March 10, 1904, which replaced § 237 of the Penal Code. (Penal Code, 1937 ed., pp. 154–5.) The complaint alleges that the assault herein was committed "with the club." We need not pass on the question of whether such an instrument comes within the terms of paragraph 6 of § 6 of the 1904 Act.[1] This is because the complaint goes on to allege that among other things the defendant fractured the skull of the complaining witness. This is obviously sufficient to come within paragraph 7 of § 6. That paragraph provides that aggravation shall be deemed to exist "when a serious bodily injury is inflicted upon the person assaulted. . . ."

The second point the defendant makes is that since the complaint describes him as "Víctor Malavé, P. I. No. 1350," he could not be accused of aggravated assault and

---

[1] That paragraph provides that assault and battery is aggravated "when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane."

battery. His contention in brief is that an insular policeman can never be prosecuted for assault and battery, but must be prosecuted if at all under § 138 of the Penal Code.[2] He concedes that the crime of assault and battery is necessarily included within the offense defined in § 138 (*People v. Marcano,* 61 P.R.R. 139). But he asserts that a policeman *always* must be tried under § 138 because, according to him, the defenses available to him thereunder are broader than those he might have against a charge of assault and battery. This is a frivolous contention. A policeman is a member of the community like everyone else. If he assaults someone in a situation where it cannot be established that he did so under color of his authority as a policeman, he is not thereby rendered immune from the law which provides for the lesser crime of aggravated assault and battery. Since the complaint herein charges only aggravated assault and battery, the statement therein that he is an insular policeman is merely descriptive.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.

---

[2] That Section reads as follows: "Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in the jail not exceeding five years."